but only when taken in excess, and that his taking of the overdose was unintentional, *held* that the death was "accidental."

5. INSURANCE, § 419*—*when death by poison is by accidental means.* Where a certificate of insurance provided for payment of a prescribed indemnity in case of death caused by "external, violent and accidental means," *held* that a death due to an overdose of morphine, taken by insured without intent to cause death thereby, was within the meaning of the words quoted.

6. INSURANCE, § 419*—*when evidence sufficient to show accidental death.* Evidence in an action to recover on an insurance policy on the life of one who died from an overdose of morphine self-administered, examined and *held* to show that deceased did not intentionally take a poisonous amount, but either acted in ignorance of the effects of morphine in general, or because he did not know that such an amount would affect him injuriously.

7. INSURANCE, § 419*—*when death by morphine defeats recovery.* In an action to recover on a certificate of insurance, where it was stipulated that insured's death was due to "an overdose of morphine," and where it appeared that morphine was a narcotic, an overdose of which was poisonous, and that at the time of death insured was under the influence thereof, *held* that such stipulation precluded plaintiff from recovering, it appearing that the application for such insurance, signed by plaintiff, expressly excepted, as grounds of liability of defendant thereunder, such injuries as insured might receive "while under the influence of * * * narcotics, or in consequence thereof, * * * nor from intentional or unintentional taking of poison," such stipulation being necessarily construed as an admission that insured's death was due to a poisonous dose of morphine.

---

## Samuel Rothbart, Appellee, v. Marshall Field & Company, Appellant.

### Gen. No. 20,905.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOUIS BEBNREUTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

### Statement of the Case.

Action by Samuel Rothbart against Marshall Field & Company to recover damages for personal injuries.

At the trial the defendant moved for a directed verdict at the close of the plaintiff's evidence, and also at the close of all the evidence. Both motions were denied and proper exceptions taken. A verdict for five hundred dollars was rendered and judgment being entered thereon, defendant appeals.

FRANK P. LEFFINGWELL and ROBERT J. FOLONIE, for appellant.

A. H. RANES and H. BLAISDELL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1392*—*what question is presented by assignment of error.* An assignment of error in denying a motion for a directed verdict presents the question whether there is in the record any evidence fairly tending to prove the material averments of the declaration.

2. TRIAL, § 192*—*when denial of directed verdict is error.* In an action for personal injuries sustained by a servant while riding on top of a heavily loaded wagon, where the declaration alleged that the plaintiff was struck by a viaduct, *held* that there was no evidence fairly tending to support such declaration, and a denial of a motion to find a verdict for the defendant was error.

3. MASTER AND SERVANT, § 665*—*when admission of evidence as to cause of injury is erroneous.* In an action for personal injuries sustained by a servant while riding on top of a heavily loaded wagon, a denial of a motion to exclude statements of the plaintiff that he was hit by a viaduct was error, when it appeared that such statements were mere inferences or conclusions.

4. MASTER AND SERVANT, § 721*—*what is question for jury.* The question of the relation of fellow-servants is ordinarily for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.